# **EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY COOPER, individually and on behalf of a class of similarly situated people, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 1:15-CV-425-WKW [WO] |
| THE CITY OF DOTHAN, | ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Anthony Cooper has filed suit against the City of Dothan, Alabama ("the City"), on behalf of himself and similarly situated individuals, alleging that the City's arrest and detention policies and practices routinely result in the confinement of individuals solely due to their poverty in violation of the Fourteenth Amendment's Due Process and Equal Protection clauses. Specifically, he argues that the City's post-arrest detention scheme featuring preset and undifferentiated bond amounts forces indigent individuals arrested on misdemeanor offenses to remain behind bars for as long as a week, while allowing those who can afford the scheduled bond to walk free. Before the court are the named Plaintiff's motion for temporary restraining order or, in the alternative, motion for preliminary injunction (Doc. # 2) and supplemental motion for temporary restraining order (Doc. # 6).

"A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1297 (11th Cir. 2005). A temporary restraining order may be issued without notice only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B). Additionally, the elements that apply to a motion for preliminary injunction also govern the issuance of a temporary restraining order. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [the movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999). The movant bears the burden of establishing entitlement to a temporary restraining order. *See Parker*, 275 F.3d at 1034.

After careful consideration of the record, the court finds that the motion for a temporary restraining order is due to be granted in part and denied in part. The procedural requirements of Rule 65(b) for issuing a temporary restraining order without notice to Defendant are satisfied. An affidavit from Mr. Cooper has been

2

filed evidencing immediate and irreparable injury, as discussed below. Moreover, counsel for Mr. Cooper has certified his efforts to notify the City and has provided sufficient reasons why notice should not be required.

Mr. Cooper also has demonstrated the four elements required for temporary injunctive relief. First, he has highlighted long standing case law from the Fifth Circuit Court of Appeals, as well as from the Supreme Court of Alabama, that establishes the unconstitutionality of a pretrial detention scheme whereby indigent detainees are confined for periods of time solely due to their inability to tender monetary amounts in accordance with a master bond schedule, while those able to afford the preset bond may quickly purchase their release. *See Pugh v. Rainwater*, 572 F.2d 1053, 1057 (5th Cir. 1978) ("Utilization of a master bond schedule provides speedy and convenient release for those who have no difficulty meeting its requirements. The incarceration of those who cannot, without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements.")[1]; *State v. Blake*, 642 So. 2d 959, 968 (Ala. 1994) (recognizing the unconstitutionality and irrationality of a bail scheme that allows "a defendant with financial means who is charged with a noncapital violent felony, and

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. See 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

who may potentially pose a great threat to community safety," to "obtain immediate release simply by posting bail," while forcing an "indigent defendant charged with a relatively minor misdemeanor" to "remain incarcerated for a minimum of three days, and perhaps longer, before being able to obtain judicial public bail").

Furthermore, Mr. Cooper has brought to the court's attention a recent consent judgment from the Eastern District of Missouri in which a post-arrest detention scheme centered upon a secured bail system that failed to account for indigency was declared unconstitutional. *Pierce v. City of Velda City*, No. 4:15-cv-570-HEA (E.D. Mo. June 3, 2015). The similarity between the post-arrest practices of the City of Velda City, Missouri, and the City of Dothan, coupled with the constitutional principles espoused in *Pugh* and *Blake*, provide sufficient grounds to find that Mr. Cooper has a substantial likelihood of success on the merits of his challenge.[2]

Second, if a temporary restraining order is not entered, Mr. Cooper will remain confined at the City jail pending his initial appearance as a result of his inability to pay the schedule bond amount. Mr. Cooper has sufficiently demonstrated that this threat of injury is immediate and irreparable. Third, the alleged injury to Mr. Cooper would outweigh any injury to the City, and, as

---

[2] As the Fifth Circuit explained in *Pugh*, "We have no doubt that in the case of an indigent whose appearance at trial could reasonably be assured by one of the alternate forms of release, pretrial confinement for inability to post money bail would constitute imposition of an excessive restraint." 572 F. 2d at 1058.

4

demonstrated by Mr. Cooper, the City has constitutional alternatives to confining Mr. Cooper in response to his inability to pay the preset bond, while accounting for his future court appearance. Fourth, the public interest will not be disserved by Mr. Cooper's release from confinement.

Generally, security is required when a temporary restraining order issues. *See* Fed. R. Civ. P. 65(c). This is not the typical case, however, in that the present action is grounded upon Mr. Cooper's lack of financial resources. In light of Mr. Cooper's indigency, the ability of the City to secure Mr. Cooper's future appearance through alternative measures, and the court's determination that no costs or damages will be incurred by the City during the pendency of the temporary restraining order, no security bond will be required.

Accordingly, it is ORDERED that:

1. The motion for temporary restraining order (Doc. # 2) is GRANTED insofar as the City is ORDERED to release Plaintiff Anthony Cooper immediately either on his own recognizance or subject to an unsecured bond or other reasonable and lawful non-financial conditions.

2. Plaintiff's motion for temporary restraining order (Doc. # 2) is DENIED in all other respects.

3. A hearing to determine whether to convert this temporary restraining order into a preliminary injunction is set for an evidentiary hearing on **June 26, 2015**

**at 10:00 a.m.**, at the Federal Building & U.S. Courthouse, 100 West Troy Street, Dothan, Alabama.

4. By **12:00 p.m., Monday, June 22, 2015**, Defendant is DIRECTED to respond to the motion for a preliminary injunction (Doc. # 2).

5. By **12:00 p.m., Thursday, June 25, 2015**, Plaintiff may file a reply to Defendant's response.

6. Plaintiff is DIRECTED to serve Defendant with a copy of this Order, and the Clerk of the Court is DIRECTED to fax to Defendant a copy of this Order.

DONE this 18th day of June, 2015, at 10:00 a.m.

/s/ W. Keith Watkins

CHIEF UNITED STATES DISTRICT JUDGE