IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| CINDY RODRIGUEZ, et al. | ) |
| Plaintiffs, | ) |
| v. | ) |
|  | ) Case No. 3:15-cv-01048 |
| PROVIDENCE COMMUNITY CORRECTIONS, INC., et al. | ) (Class Action) |
|  | ) JURY DEMAND |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

This Motion seeks to prevent the imminent unlawful jailing of the Plaintiffs, as well as that of all others similarly situated. Although this case raises other serious issues, the scope of this Motion is confined to the discrete legal claim raised in Count Seven of the Complaint. *See* Doc. 1 at ¶ 300. The Motion seeks to prevent the prospective class members in this cause from being arrested and languishing indefinitely in jail solely because of their inability to pay a preset secured money bond.[1]

---

[1] This Court need not formally certify a class in order to issue preliminary injunctive relief that protects class members from imminent constitutional violations. *See, e.g.*, *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) ("Simply put, there is nothing improper about a preliminary injunction preceding a ruling on class certification."). *See also* Newberg on Class Actions § 24:83 (4th ed. 2002) ("The absence of formal certification is no barrier to classwide preliminary injunctive relief."); Moore's Federal Practice § 23.50, at 23-396, 23-397 (2d ed.1990) ("Prior to the Court's determination whether plaintiffs can maintain a class action, the Court should treat the action as a class suit."); *see also, e.g.*, *Lee v. Orr*, 2013 WL 6490577 at *2 (N.D. Ill. 2013) ("The court may conditionally certify the class or otherwise order a broad preliminary injunction, without a formal class ruling, under its general equity powers. The lack of formal class certification does not create an obstacle to classwide preliminary injunctive relief when activities of the defendant are directed generally against a class of persons."); *N.Y. State Nat. Org. For Women v. Terry*, 697 F. Supp. 1324, 1336 (S.D.N.Y.1988) (holding that "the Court acted in the only reasonable manner it could under the circumstances, ruling on the continuation of [the] temporary restraining order and leaving the question of class certification for another day."); *Leisner v. New York Tel. Co.*, 358 F. Supp. 359, 371 (S.D.N.Y.1973) ("[R]elief as to the class is appropriate at this time even though when the preliminary injunction motion was heard, the class action had not yet been certified."); *Illinois League of Advocates for the Developmentally, Disabled v. Illinois Dep't of Human Servs.*, 2013 WL 3287145 at *4 (N.D. Ill. 2013) ("At this early stage in the proceedings, the class allegations in the Second Amended Complaint are sufficient

1

For the reasons set forth in detail below, the Plaintiffs seek simple relief that would be easy to craft and that would not unduly burden the Defendants: If the Defendants believe in good faith that any misdemeanor PCC, Inc. probationer has committed a violation of their probation—either because they have not paid their court debts and private PCC, Inc. probation fees or for any other alleged violation of probation conditions—they must either issue a valid summons for revocation proceedings or release them after arrest pursuant to their own recognizance or unsecured bond with notice of a court date. Such preliminary relief would cure the imminent constitutional violation outlined in Count Seven of the Complaint, prevent irreparable harm, and allow the prospective class members a day in court to explain their ability to pay prior to languishing indefinitely in a jail cell.

As the Court is aware, this Court has already entered a Temporary Restraining Order (Doc. 13) enjoining Defendants from engaging in this identical unconstitutional conduct with respect to Mr. Gibbs and Mr. Robinson, two of the named Plaintiffs, who had warrants with $10,000 preset money bonds issued for their arrest as of the date the Complaint (Doc. 1) was filed in this matter. The Court subsequently entered a Preliminary Injunction (Doc. 14) restraining this same unconstitutional conduct during the duration of this cause with respect to Mr. Gibbs and Mr. Robinson.

Shortly after the issuance of that Preliminary Injunction, the Defendants again sought a materially identical $10,000 preset money bond warrant for the arrest of Mr. Gibbs. *See* Exhibit 1. That warrant, if executed, would constitute a flagrant violation of this Court's order.[2]

---

to establish Plaintiffs' standing to seek immediate injunctive relief on behalf of the proposed class. At a later stage, we may revisit whether that classwide representation is inappropriate, but until that time, we will preserve the status quo (within the limits set forth in the TRO) with respect to all potential class members.").

[2] The Defendants have temporarily withdrawn that warrant for unrelated reasons having to do with the unreliability of the drug test on which that warrant was purportedly based.

2

Case 3:15-cv-01048   Document 37   Filed 10/21/15   Page 2 of 5 PageID #: 290

Furthermore, since this Court's order, the Defendants also issued a $2,500 preset secured money bond warrant for another named Plaintiff, Ms. Pullum.[3] *See* Exhibit 2. Because Ms. Pullum is destitute and suffering from life-threatening medical issues, if she is arrested pursuant to the warrant, she will languish in jail under dangerous conditions because she is unable to afford the preset money bond. This Court has already addressed this constitutional issue in the context of the warrants for Mr. Gibbs and Mr. Robinson, and the issues surrounding the warrant of Ms. Pullum are identical. *See* Exhibit 3.

The constitutional violations set forth in the Plaintiffs' Motion (Doc. 3) are clear. Based on the developments since the entry of this Court's order, it is clear that, without further injunctive relief, the Defendants will continue to engage in the unconstitutional conduct that this Court has already enjoined. Because the Defendants have refused to change their policies and practices to cease these basic constitutional violations, they will continue to engage in the same constitutional violations against numerous other class members who will languish in Rutherford County jail on a PCC, Inc. revocation warrant solely because they cannot afford to pay a preset secured money bond. Therefore, the Plaintiffs respectfully request that this Court enter the proposed order submitted with this Motion to protect the other class members from the imminent constitutional harm and needless suffering inherent in languishing in jail pursuant to a preset monetary bond that they cannot afford.

## STATEMENT OF RELEVANT FACTS

Plaintiffs, hereby expressly adopt and incorporate the facts set forth in Plaintiffs Memorandum of Law and Facts (Doc. 3) submitted in support of Plaintiffs' Motion for

---

[3] Despite several inquiries regarding this warrant, the County has not informed Plaintiffs whether or not the Pullum warrant has been withdrawn, although Defendant PCC, Inc. has stated that it will not serve the warrant.

Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 2) previously filed with this Court.

## ARGUMENT

Plaintiffs hereby expressly adopt and incorporate the legal arguments set forth in Plaintiffs Memorandum of Law and Facts (Doc. 3) submitted in support of Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 2) previously filed with this Court.  The Plaintiffs seek to apply this relief to the Class as a whole because the discrete constitutional violation is clear, because irreparable harm will result if the equitable relief is not extended to the members of the Class, because of the salutary effects on judicial economy in avoiding numerous additional proceedings, and because the simple alternative of recognizance or unsecured bond, which the Defendants regularly employ in many cases anyway, would work no harm to the Defendants.  Under the overwhelming weight of authority cited by the Plaintiffs, no misdemeanor PCC, Inc. probationer should be kept in a jail cell indefinitely before court proceedings begin because he or she is unable to pay a preset secured money bond.

## CONCLUSION

The Plaintiffs ask this Court to prevent the Defendants from keeping any misdemeanor PCC, Inc. probationer in jail pending the commencement of revocation proceedings because of their inability to make a monetary payment.  The Plaintiffs simply ask that this Court extend to all those similarly situated the relief ordered by this Court with respect to Mr. Gibbs and Mr. Robinson.

4

Respectfully submitted,

*s/Jonathan Cole*
Jonathan Cole (TN #16632)
Sarah Murray (TN #33454)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Tel.: (615) 726-7335
Fax: (615) 744-7335
Email: jcole@bakerdonelson.com
smurray@bakerdonelson.com

*s/Matthew White*
Lori H. Patterson (TN #19848) (*Pro Hac Vice* forthcoming)
Kristine L. Roberts (TN #23856)
Matthew G. White (TN #30857)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Tel.: (901) 577-8182
Fax: (901) 577-0724
Email: lpatterson@bakerdonelson.com
klroberts@bakerdonelson.com
mwhite@bakerdonelson.com

*s/Alec Karakatsanis*
Alec Karakatsanis (D.C. #999294)(admitted *Pro Hac Vice*)
Phil Telfeyan (Cal. #258270)(admitted *Pro Hac Vice*)
Equal Justice Under Law
916 G Street, NW Suite 701
Washington, DC 20001
Tel.: (202)-670-1004
Email: alec@equaljusticeunderlaw.org
ptelfeyan@equaljusticeunderlaw.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify on this the 21st day of October, 2015, a true and correct copy of the forgoing was filed using the CM/ECF system which will send notice to counsel of record who are registered with the CM/ECF system.

s/*Jonathan Cole*