UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CINDY RODRIGUEZ, et al.,<br><br>             Plaintiffs,<br><br>  v.<br><br>PROVIDENCE COMMUNITY<br>CORRECTIONS, INC., et al.,<br><br>             Defendants. | **Case No. 3:15-cv-01048**<br><br>Chief Judge Kevin H. Sharp<br><br>Magistrate Judge Barbara D. Holmes |

### PCC'S AND INDIVIDUAL DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO SET BRIEFING SCHEDULE

Pursuant to Local Rule 7.01(b), Defendant Providence Community Corrections, Inc., now known as Pathways Community Corrections, Inc. ("PCC"), and the individual defendants (collectively, the "PCC Defendants"), respectfully request that the Court reconsider its June 20, 2016 Order granting Plaintiffs' Motion to Set Briefing Schedule (Dkt. 140) regarding Plaintiffs' Partial Motion for Summary Judgment on Count 2 (Dkt. 136). As support for this Motion, the PCC Defendants rely on the Memorandum in Support filed contemporaneously herewith.

As set forth in the accompanying memorandum, the proposed briefing schedule requiring Defendants to respond to Plaintiffs' dispositive motion by July 18, 2016 is premature for several reasons:

*First*, discovery is necessary to rule on Plaintiffs' Motion for Summary Judgment because Plaintiffs allege numerous unproven factual assertions in Count 2 which have not been subject to any formal discovery.

*Second*, the briefing schedule will interfere with the parties' extensive 90-day mediation process. Defendants will not be able to participate meaningfully in ongoing mediation if they are simultaneously facing a dispositive motion so early in this dispute. The briefing schedule is also inconsistent with the Initial Case Management Order, which expressly stayed briefing on Plaintiffs' Motion for Summary Judgment in light of this mediation process.

*Third,* the proposed schedule will not benefit judicial economy but instead creates the risk that an important decision affecting these parties, other state actors, and state legislation will be made on less than a complete record without the benefit of responsive pleadings, additional discovery and input from other potentially interested parties. Judicial economy would be better served by following the process outlined in Local Rule 16.01, which allows for counsel to meet and confer on scheduling matters and present scheduling matters to the Court in an orderly scheduling conference. There is also no compelling interest in accelerating this litigation because the practice at issue has been terminated and none of the Plaintiffs or proposed class members are currently subject to the private probation practice at issue.

*Fourth,* Defendants cannot adequately respond to the dispositive motion in the time proposed. PCC is now owned by Molina Healthcare, Inc., an entity that was not previously in the private probation business and has since closed the business. The new owners cannot adequately prepare a response to a dispositive motion on this complex constitutional issue of first impression in such an accelerated time period.

Accordingly, the PCC Defendants respectfully request that the Court reconsider its Order granting Plaintiffs' proposed briefing schedule and instead allow the parties and Magistrate Judge to formulate a comprehensive case scheduling order pursuant to the process specified in

Federal Rule of Civil Procedure 16 and Local Rule 16.01 after the parties complete the 90-day mediation process.

Dated: June 24, 2016

Respectfully submitted,

/s/ Lisa S. Rivera
Lisa S. Rivera
Kathryn H. Walker
David R. Esquivel
BASS, BERRY &SIMS
150 Third Ave. South, Suite 2800
Nashville, TN 37201-3001
T: (615) 742-6200
F: (615) 742-2868

*Attorneys for Pathways Community Corrections, Inc.*
*Kayla Banks*
*Kelly Bunge*
*Kelly Haley*
*Nisha Hyde*
*Jasmine Jackson*
*Amanda Roberts*
*Tiara Smith*
*Briana Woodlee*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served this 24th day of June, 2016, upon all parties of record through the Court's electronic filing system as listed below:

| | |
|---|---|
| Claire V. Thomas<br>Lewis, Thomason, King, Krieg & Waldrop<br>424 Church Street, Suite 2500<br>P.O. Box 198615<br>Nashville, TN 37219 | James C. Cope<br>Josh A. McCreary<br>Edward Evan Cope<br>Blake Allan Garner<br>Cope, Hudson, Reed & McCreary, LLC<br>16 Public Square North<br>Murfreesboro, TN 37133 |
| Alec Karakatsanis<br>Phil Telfeyan<br>Elizabeth Rossi<br>Equal Justice Under Law<br>916 G Street, NW Suite 701<br>Washington, DC 20001 | |

      /s/ Lisa Rivera