UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CINDY RODRIGUEZ, STEVEN GIBBS,
PAULA PULLUM, YOLANDA CARNEY,
JACQUELINE BRINKLEY, CURTIS
JOHNSON, and FRED ROBINSON,

        Plaintiffs,                      Case Number 15-01048
                                                   Honorable David M. Lawson

v.

PROVIDENCE COMMUNITY
CORRECTIONS, INC., RUTHERFORD
COUNTY, TENNESSEE, JASMINE
JACKSON, BRIANA WOODLEE,
AMANDA ROBERTS, TIARA SMITH,
AMANDA SCHEXNAYDER, and
NISHA HYDE,

        Defendants.
_____/

**ORDER GRANTING IN PART UNOPPOSED MOTION TO APPROVE
SETTLEMENT CLASS AND DENYING APPROVAL OF
PROPOSED SETTLEMENT AGREEMENT**

On September 18, 2017, the plaintiffs filed an unopposed motion to certify a settlement class, give preliminary approval to a proposed class settlement, approve notice of a class action settlement and set a hearing date for final approval of the settlement. The Court has reviewed the submissions of the parties and the terms of the proposed settlement and finds that the motion cannot be granted in full at this time, for the reasons stated below.

On October 1, 2015, the plaintiffs filed their complaint against the County of Rutherford, Tennessee, defendant Providence Community Corrections, Inc. (PCC), and various officials of those entities. The plaintiffs, individuals who are under sentences of probation, on behalf of themselves and a class of those similarly situated, pleaded eight causes of action for various alleged

constitutional violations, along with a Racketeer Influenced and Corrupt Organizations ("RICO") Act claim. They also sought declaratory relief in the form of an order declaring PCC's contract with the County to be void and unenforceable. A predecessor judge of this Court previously summarized in detail the substance of the allegations in the complaint, but the gravamen of the plaintiffs' claims was that the County's outsourcing of misdemeanor probation services to a private for-profit corporation, PCC, resulted in an unconstitutional scheme that deprived indigent probationers of their due process and equal protection rights. The plaintiffs alleged that the defendants' arrangement constituted a "conspiracy to funnel misdemeanor probation cases in which court debts are owed to a private company, which then extorts money out of individuals who have no ability to pay court costs, let alone private fees." Compl. ¶ 1.

Two individual plaintiffs — Fred Robinson and Steven Gibbs — filed a motion for a temporary restraining order barring the County from issuing warrants for their arrest based on their failure to pay court costs and fees assessed under the probation outsourcing program. The Court granted that motion, and, on October 13, 2015, converted the TRO to a preliminary injunction, upon the stipulation of the parties. The Court later granted similar injunctive relief in favor of other named plaintiffs. The defendants each filed motions to dismiss, which were granted in part and denied in part by the Court on June 9, 2016. Under a preliminary scheduling order entered by the Court, the parties engaged in mediation from May through September 2016, which resulted in an agreement in principle to settle the case. The parties had engaged in some discovery up to that point, but, on June 28, 2016, the Court stayed all discovery other than that needed for the purposes of completing the mediation, to allow the parties to focus their efforts on concluding a settlement. Throughout the initial phases of the litigation, the parties pursued several interlocutory appeals of

the Court's orders granting preliminary injunctive relief, which eventually were dismissed by agreement of the parties. The Court scheduled a continued case management conference for November 8, 2016, but that conference was adjourned several times at the request of the parties, based on their representations that they were making substantial progress in their settlement negotiations, and that they needed more time to conclude their efforts. The parties continued to engage in written discovery throughout the negotiations.

On September 15, 2017, the parties informed the Court that they had reached a settlement of the individual and class claims in the case, and that they needed only to collect final signatures to memorialize the agreement. On September 18, 2017, the plaintiffs filed their unopposed motion for preliminary approval of the proposed class settlement agreement.

The proposed settlement agreement would apply to the following class, which has not yet been certified by the Court:

> All persons who, at any time from October 1, 2011 to [October 5, 2017], (1) incurred court-imposed financial obligations arising from a traffic or misdemeanor case in Rutherford County General Sessions or Circuit Court; and (2) were supervised on probation in that case by Providence Community Corrections, Inc. or Rutherford County's Probation Department.

Plf.'s Mot. for Prelim. Approval of Settlement [dkt. #190] at 4 (Pg ID 2412). The parties estimate the class to be composed of 29,000 members.

The proposed settlement agreement provides that the defendants will establish a settlement fund of $14,300,000 to be used to pay claims by the plaintiffs and class members, the attorney's fees of class counsel, and the expenses of administration. Each class member who submits a timely claim would be paid 125% of all amounts paid by them to PCC for purported fees under the probation outsourcing program, and each of the named individual plaintiffs would receive an additional

-3-

incentive payment of $10,000. Any money remaining in the settlement fund after payment of timely-filed claims would be used to increase the payout to class members to a maximum of 500% of the fees paid by them to PCC, applied to additional attorney's fees for class counsel, or distributed as a *cy pres* award. In exchange, the plaintiffs would dismiss the case with prejudice and release all of the individual and class claims.

The Federal Rules of Civil Procedure require court approval of settlements in class actions. Fed. R. Civ. P. 23(e). Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Rule 23(e)(2) states that a settlement that would bind class members may be approved "only after a hearing and on finding that it is fair, reasonable, and adequate." "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1), and "[a]ny class member may object to the proposal if it requires court approval under" Rule 23(e), Fed. R. Civ. P. 23(e)(5). The approval of a proposed settlement ordinarily involves a two-stage procedure. "First, counsel submit the proposed terms of [the] settlement and the judge makes a preliminary fairness evaluation. . . . Once the judge is satisfied as to the . . . results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members." Manual for Complex Litigation (4th ed.) §§ 21.632-.633 (2004); *see also Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001).

In deciding whether to approve a class action settlement, the "ultimate issue" for the Court is whether the proposed settlement "is fair, adequate and reasonable." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). District courts must "appraise the reasonableness of particular class-

action settlements on a case-by-case basis, in the light of all the relevant circumstances." *Evans v. Jeff D.*, 475 U.S. 717, 742 (1986). "Several factors guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The present action has been pending for just short of two years. The proposed settlement resulted from negotiations that occurred while the defendants' motions to dismiss were pending and after the Court held a hearing on and later granted in part and denied in part those motions. However, the parties have not furnished enough information to allow the Court to determine whether the terms of the proposed payments to absent class members are fair and reasonable, and whether the amount of the proposed settlement fund is adequate to satisfy the anticipated claims.

The settlement fund of $14,300,000 is a gross amount. The proposed settlement agreement requires expenses of administration of the settlement and fees of class counsel to the paid first. The parties have not furnished an estimate of the administration expenses, and have not provided any background information on the proposed settlement administrator, Dahl Administration, LLC. Class counsel fees are projected to be nearly $1,400,000. The parties estimate that the absent class members could number 29,000 individuals. If all members apply for awards, the individual award would average less than $500, assuming a reasonable amount for administration expenses. The parties have not furnished any information about the amount of fees a probationer paid to the defendants over an average term of supervision. Nor have the parties furnished an estimate of the

number of likely award applicants and the basis for such an estimate.  Without that information, the Court is not able to determine if the proposed settlement is fair, adequate, or reasonable.

Due to this lack of information, the Court also is left at a disadvantage in determining whether the quick-pay attorney fee provision is appropriate.  Although quick-pay provisions are not per se unreasonable in this circuit, *see Pelzer v. Vassalle*, 655 F. App'x 352, 365 (6th Cir. 2016), the Court must nonetheless determine the reasonableness of fee requests, including terms of payment. *See* Fed. R. Civ. P. 23(h).

The Court is obliged to conduct "an independent analysis of the settlement terms." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 309 (6th Cir. 2016) (quoting *In re Pet Food Prod. Liab. Litig.*, 629 F.3d 333, 350-51 (3d Cir. 2010)).  That analysis is mandated by Rule 23(e) because of the alteration of the normal adversary process in such cases, and the status of class counsel as fiduciaries to the absent class members.  *Ibid.*; *see also In re Dry Max Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013).  The Court cannot discharge that obligation without adequate information about the settlement and its likely impact on the class.

The proposed settlement agreement also purports to limit the Court's discretion to allow objectors to the proposed settlement to appear at the fairness hearing.  The Court will not approve a proposed settlement that constricts its discretion that way.

The information furnished by the parties is adequate, however, to allow a determination of the request to certify the proposed settlement class.  The Court conditionally will certify the proposed settlement class under Federal Rule of Civil Procedure 23(b)(3).  However, the Court's certification of the class is based upon, and conditioned on the accuracy of, the parties' representations.

The motion addresses the factors enumerated in Federal Rule of Civil Procedure 23(a), stating that the class is numerous, that all class members claim that the defendants imposed and attempted to collect from them unlawfully burdensome fees under the probation outsourcing program, that the named plaintiffs' claims are materially identical to those of all members of the class, the representative plaintiffs do not have any interests that conflict with those of the class members, and the representative plaintiffs have retained skilled attorneys who have, and will, vigorously pursue the interests of the class. Addressing the factors contained in Rule 23(b)(3), the motion states that the claims for recovery of the improper fees form the entire subject of the controversy affecting those persons who were under sentences of probation during the class period, and that pursuing relief in a single suit would be superior to any other form of claim resolution as it would promote judicial economy and clarity of results. The plaintiffs' lawyers assert that they have extensive experience litigating cases involving class claims of similar type and scope.

Accordingly, it is **ORDERED** that the plaintiffs' unopposed motion to certify a settlement class [dkt #190] is **GRANTED IN PART**.

It is further **ORDERED** that, pursuant to Federal Rule of Civil Procedure 23(b)(3), the following settlement class is conditionally certified in this case:

> All persons who, at any time from October 1, 2011 to October 5, 2017, (1) incurred court-imposed financial obligations arising from a traffic or misdemeanor case in Rutherford County General Sessions or Circuit Court; and (2) were supervised on probation in that case by Providence Community Corrections, Inc. or Rutherford County's Probation Department.

It is further **ORDERED** that counsel of record for the named plaintiffs, namely attorneys Alec Karakatsanis, Elizabeth Rossi, and Kyle F. Mothershead, are appointed as counsel for the designated settlement class. The named plaintiffs are appointed as class representatives.

It is further **ORDERED** that the motion for preliminary approval of the settlement agreement is **DENIED** without prejudice. The parties may submit a new motion for preliminary approval with additional information **on or before October 18, 2017**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge
Sitting by special designation

Dated: October 5, 2017