## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by named plaintiffs Cindy Rodriguez, Steven Gibbs, Paula Pullum, Yolanda Carney, Jacqueline Brinkley, Curtis Johnson, and Fred Robinson ("Named Plaintiffs"), defendant Rutherford County, Tennessee ("Rutherford County"), defendant Providence Community Corrections, Inc. nka Pathways Community Corrections, Inc. ("PCC"), a Delaware corporation, and individual defendants Jasmine Jackson, Briana Woodlee, Amanda Roberts, Tiarra Smith, and Nisha Hyde ("PCC Individual Defendants," and collectively with PCC, the "PCC Defendants") in order to effect a full and final settlement and dismissal with prejudice of all claims against the PCC Defendants and Rutherford County as alleged in the case captioned *Rodriguez et al. v. Providence Community Corrections, Inc. et al.*, Case No. 3:15-cv-01048 ("*Rodriguez*") (M.D. Tenn. Oct. 1, 2015), as well as related appeals *Rodriguez et al. v. Providence Community Corrections et al.*, Case Nos. 16-5057, 16-5058, 16-6127, 16-6128, and 16-6129 (6th Cir.) ("*Rodriguez Appeals*," and collectively with *Rodriguez*, the "Litigation") on the terms set forth below and to the full extent reflected herein, subject to approval of the Court. This Settlement Agreement and Release expressly supersedes the executed Settlement Agreement and Release filed with the Court on September 18, 2017 (Dkts.190-1 through 190-8.) Each of the parties listed in this paragraph is referred to individually as a "Party" and collectively as the "Parties." Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.       RECITALS

A.      PCC provided probation services to county governments. Between October 1, 2011 and March 31, 2016, PCC contracted with Rutherford County to provide probation services for Rutherford County, Tennessee. In that capacity, PCC provided probation officers to work

with the Rutherford County court system to manage and implement its probation system in non-felony cases.

B.     On October 1, 2015, Named Plaintiffs filed a putative class action complaint against the PCC Defendants and Rutherford County in the United States District Court for the Middle District of Tennessee, namely the *Rodriguez* action.  Named Plaintiffs are or have been represented by the following firms:  Civil Rights Corps; the Law Office of Kyle Mothershead; Equal Justice Under Law; Lewis, Thomason, King, Krieg & Waldrop, P.C.; and Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.

C.     In the Litigation, Named Plaintiffs purport to represent a class of persons who have at any time owed or who will incur debts to Rutherford County and/or PCC from fines, fees, costs, or surcharges arising from traffic and misdemeanor cases in the County courts and who have been or will be placed on probation with any public or private entity.

D.     In the Litigation, Named Plaintiffs allege claims for, *inter alia*, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), predicated on extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, the Travel Act, 18 U.S.C. § 1952, and Tennessee Code § 39-14-112; violations of due process and equal protection rights under the U.S. Constitution; violations of the Fourth Amendment to the U.S. Constitution; and abuse of process.

E.     Rutherford County and the PCC Defendants deny all material allegations in the Litigation and have asserted a variety of affirmative defenses.

F.     Named Plaintiffs and Class Counsel have conducted an extensive examination of the facts and documents relating to the Litigation, including, among other things, the following conduct prior to filing the Litigation:  (a) conducting interviews of hundreds of probationers over

2

the course of seven months; (b) demanding documents from Rutherford County and PCC in writing and orally; (c) observing court proceedings; (d) reviewing court records; (e) reviewing records obtained through Tennessee open records requests; (f) reviewing PCC documents and recordings of PCC probation officers; and (g) representing probationers in probation proceedings.

G.     Since filing the Litigation, Named Plaintiffs and Class Counsel have continued to vigorously pursue this case, including by:  (a) seeking and obtaining injunctive relief; (b) successfully defeating motions to dismiss; (c) producing 1,331 documents to defendants; (d) reviewing 6,747 pages of documents produced by defendants; (e) filing a motion for partial summary judgment and seeking an expedited hearing date; (f) engaging in multiple days of in-person mediation over several months; (g) preparing and filing merits briefs in the Sixth Circuit; and (h) continuing to interview dozens of probationers by phone and during travel to Rutherford County.

H.     This Settlement was reached after a detailed mediation process ordered by the Court that involved the following efforts, among others:

(i)     On May 23, 2016, the Court ordered the parties to engage in good-faith mediation over a 90-day period before mediator Carlos Gonzalez, which period the Court subsequently extended by mutual request of the Parties.

(ii)     On July 15, 2016, PCC produced 6,747 pages of documents to Named Plaintiffs, including financial information, documents concerning the Named Plaintiffs, summary reports of individuals placed on probation with PCC, training materials, and documents concerning PCC's licenses with the State of Tennessee.

(iii)    On July 18, 2016, Named Plaintiffs produced 1,331 documents to PCC, including video and audio recordings of PCC probation officers, court records of PCC probationers, interviews with and declarations of PCC probationers, and communications allegedly sent by PCC.

(iv)    On August 3, 2016, PCC and Named Plaintiffs submitted confidential mediation briefs to Mr. Gonzalez setting forth their views of the case.

(v)    Over the following week, PCC, Rutherford County and Named Plaintiffs engaged in multiple in-person and telephonic meetings with Mr. Gonzalez, followed by a two-day arm's-length mediation in Tennessee on August 8 and 9, 2016.

(vi)    On September 2, 2016, Named Plaintiffs and PCC attended another in-person mediation session in Washington, D.C., in which Rutherford County participated telephonically.

(vii)    PCC and the Named Plaintiffs reached an agreement in principle on terms which are reflected in this Agreement and began documenting the Agreement.

(viii)    Rutherford County and Named Plaintiffs continued negotiations with the assistance of the mediator through 2017, and thereafter reached an agreement on terms which are reflected in this Agreement.

(ix)    Throughout the course of these events, the Parties engaged in numerous other teleconferences between themselves and the mediators, and exchanged many letters and other correspondence setting forth their respective positions and seeking to reach a mutually agreeable resolution.

I.    The Litigation, if it were to continue, would likely result in expensive and protracted litigation, appeals and continued uncertainty as to the outcome.

4

J.      Named Plaintiffs and Class Counsel have concluded that this Settlement provides substantial benefits to Named Plaintiffs and to the Settlement Class and resolves the following without prolonged litigation and the risks, delays, and uncertainties inherent in litigation:  all issues and claims with respect to the PCC Defendants and Rutherford County that were or could have been raised between or among the Named Plaintiffs, Settlement Class Members, the PCC Defendants, and Rutherford County in the Litigation.

K.      Named Plaintiffs and Class Counsel have concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

L.      Rutherford County and the PCC Defendants continue to deny each and every allegation of wrongdoing, liability, and damages that was or could have been asserted in the Litigation and further continue to deny that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability, or damages, or the appropriateness of the Named Plaintiffs' claims or similar claims for class treatment, Rutherford County and the PCC Defendants consent to the Settlement as set forth herein solely to avoid the expense, inconvenience and inherent risk of litigation as well as the concomitant disruption of each Party's operations.

M.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by Rutherford County or the PCC Defendants of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability, or damages of any kind.

N.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation

5

or in any other action or proceeding to establish any liability or admission by Rutherford County or the PCC Defendants.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises, and general releases set forth below and subject to preliminary and final approval of the Court, the sufficiency and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

## II.    DEFINITIONS

As used herein, the following terms have the meanings set forth below.

A.    "Attorneys' Fee Award" means the Court-approved award of fees, expenses and/or costs described in Section VI Paragraph A.

B.    "Cash Award" means the cash compensation that eligible Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Section IV Paragraphs B–E.

C.    "Claim Deadline" means one hundred twenty (120) Days after the Preliminary Approval Date, which date will be specified in the Class Notice.

D.    "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be substantially in the form of Exhibit A hereto.  The Claim Form requires a sworn signature under penalty of perjury, but does not require a notarization. Additional requirements relating to the completion of Claim Forms are set forth in Section V. Claim Forms will be processed after the Effective Date.

E.    "Class Counsel" means Civil Rights Corps and the Law Office of Kyle Mothershead.

F.       "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things, which documents shall be substantially in the form of Exhibit B hereto.

G.       "Court" means the United States District Court for the Middle District of Tennessee.

H.       "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a Federal or State of Tennessee legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or Federal or State of Tennessee legal holiday.

I.       "Effective Date" means the date described in Section XI.

J.       "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

K.       "Final" means final as described in Section XI Paragraph B.

L.       "Final Order and Judgment" means the order as described in Section IX.  Any reduction in any Attorneys' Fee Award or Incentive Award compared with the amounts requested in the submitted applications shall not be considered a material alteration.

M.       "Incentive Award" means the final Court-approved award as described in Section VI Paragraph B.

N.    "Injunction" means the agreed-upon injunction between the Plaintiffs and Rutherford County, which is set forth in Exhibit C hereto.

O.    "Litigation" means the case captioned *Rodriguez et al. v. Providence Community Corrections, Inc. et al.*, Case No. 3:15-cv-01048 (M.D. Tenn. Oct. 1, 2015), as well as all related appeals in *Rodriguez et al. v. Providence Community Corrections et al.*, Case Nos. 16-5057, 16-5058, 16-6127, 16-6128, and 16-6129 (6th Cir.).

P.    "Named Plaintiffs" means Cindy Rodriguez, Steven Gibbs, Paula Pullum, Yolanda Carney, Jacqueline Brinkley, Curtis Johnson, and Fred Robinson.  Individually, Ms. Rodriguez, Mr. Gibbs, Ms. Pullum, Ms. Carney, Ms. Brinkley, Mr. Johnson, and Mr. Robinson are each considered a "Named Plaintiff."

Q.    "Notice and Administration Costs" means any and all reasonable and authorized costs and expenses of notice and administration relating to this Settlement.

R.    "Notice Date" means the first day on which the Settlement Administrator and/or other parties begin disseminating the Class Notice, and shall be no later than forty-five (45) Days after the Preliminary Approval Date.

S.    "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section VII Paragraph D.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits of the Settlement.

T.    "Opt-Out List" shall refer to the list compiled by the Settlement Administrator pursuant to Section VII Paragraph G, identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

8

U. "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement. The Opt-Out and Objection Date shall be no later than one hundred and twenty (120) Days after the Preliminary Approval Date.

V. "Other Former Plaintiffs' Counsel" means Lewis, Thomason, King, Krieg & Waldrop, P.C.; Equal Justice Under Law ("EJUL"); and Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("BDBC").

W. "Parties" means Named Plaintiffs, Settlement Class Members, Rutherford County, and the PCC Defendants. Named Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party."

X. "PCC" means Defendant Providence Community Corrections, Inc. nka Pathways Community Corrections, Inc.

Y. "PCC Individual Defendants" means Defendants Jasmine Jackson, Briana Woodlee, Amanda Roberts, Tiarra Smith, and Nisha Hyde.

Z. "PCC Defendants" means PCC and the PCC Individual Defendants.

AA. "PCC Defendants' Counsel" means Latham & Watkins LLP and Bass, Berry & Sims PLC.

BB. "PCC Fees" means amounts paid to PCC for PCC programs (such as fees for supervision, anger management sessions, alcohol safety school, urinalysis, credit card transactions, domestic violence assessments, and pictures and postage), but excluding amounts PCC collected on behalf of the court, county, or state (such as court costs, warrant fees, and restitution).

CC.     "PCC Released Persons" means:  (i) PCC; (ii) the PCC Individual Defendants; (iii) the past, present, and future direct or indirect predecessors, successors, assigns, parents, subsidiaries, joint venturers, partnerships, limited liability companies, corporations, divisions, or groups of any of the foregoing Persons or entities described in (i) – (ii) of this Paragraph; and (iv) each of the respective past, present, and future employees, representatives, owners, officers, executives, partners, agents, insurers, heirs, assigns, and attorneys of any of the foregoing entities and Persons described in (i) – (iii) of this Paragraph.

DD.     "Person" means an individual, county, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

EE.     "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

FF.     "Preliminary Approval Order" means the order described in Section VIII and attached hereto without material alteration as Exhibit D.

GG.     "Release" means the release and discharge, as of the Effective Date, by and among the Releasing Persons, the PCC Released Persons, the Rutherford County Released Persons, Class Counsel, and Other Former Plaintiffs' Counsel as described in Section IX Paragraph B.

HH.     "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, promises, agreements, offsets, liabilities, injuries to person or property, predicate acts, demands, damages, losses, costs or expenses, fixed or contingent, direct or indirect, including but not limited to claims for racketeering, extortion, violation of

constitutional rights, abuse of process, tort claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, breach of fiduciary duty, unfair business or trade practices, false advertising, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which any Party had, now has, or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions, or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating in any way to the following: (i) the Litigation and any claim or allegation set forth therein; (ii) any contract between Rutherford County and PCC concerning probation services; (iii) actions or omissions in connection with PCC's services in Rutherford County, Tennessee; (iv) actions or omissions in connection with probation sentences, probation supervision, and probation services administered and/or provided by Rutherford County; (v) actions or omissions in connection with the imposition of probation by any court in Rutherford County or any probation hearing or probation-related hearing before any court in Rutherford County (including but not limited to the process or outcome of any such hearing); (vi) actions or omissions by any public or private entity in connection with probation arising from misdemeanor or traffic cases in Rutherford County General Sessions or Circuit Court and relating in any way to the imposition or collection, enforcement, or payment of court-imposed financial obligations; (vii) communications and/or documents submitted or exchanged by, between, or among the PCC Defendants and/or Rutherford County concerning probation in Rutherford County, including but not limited to documents submitted to any court in Rutherford County; (viii) any claim or

allegation which was asserted in any communications between or among the Parties, Settlement Class Members, Class Counsel, Other Former Plaintiffs' Counsel, PCC Defendants' Counsel, or Rutherford County's Counsel; and/or (ix) the course of dealing between or among the Parties and the Settlement Class Members, with respect to the subject matter of the Litigation and any claim, or allegation asserted therein. The Released Claims include, but are not limited to, the causes of action and allegations made by the Named Plaintiffs in the Litigation as well as causes of action for racketeering, extortion, abuse of process, violation of constitutional rights, and claims under federal law, the common law or statutory law of the State of Tennessee, other states, and the District of Columbia. For the avoidance of doubt, the term "Released Claims" includes any claim for attorneys' fees, expenses, or costs.

II.     "Releasing Persons" means: (i) the Named Plaintiffs, on behalf of themselves and all Settlement Class Members; (ii) all Settlement Class Members; and (iii) the present, former, and future administrators, family members, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of the Named Plaintiffs and Settlement Class Members.

JJ.     "Rutherford County" means Rutherford County, Tennessee.

KK.     "Rutherford County Consideration" shall have the meaning set forth in Section IV Paragraph A below.

LL.     "Rutherford County's Counsel" means Hudson, Reed & McCreary, PLLC.

MM.     "Rutherford County Payment" shall have the meaning set forth in Section IV Paragraph B below.

NN.     "Rutherford County Released Persons" means: (i) Rutherford County; (ii) the affiliates of Rutherford County; and (iii) each of the respective past, present, and future direct

12

and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, representatives, owners, officers, judicial officers, executives, partners, agents, insurers, and attorneys of any of the foregoing entities and Persons described in (i) – (ii) of this Paragraph.

OO.    "Settlement" means the settlement among the Parties as set forth in this Settlement Agreement.

PP.    "Settlement Administrator" means Dahl Administration LLC, which shall administer Class Notice, maintain the Settlement Website, and administer the Settlement in accordance with this Settlement Agreement and the Court's orders.

QQ.    "Settlement Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

RR.    "Settlement Class" means all Persons who fall within the definition of the class identified in Section III Paragraph A.

SS.    "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (*i.e.*, become Opt-Outs) pursuant to Section VII Paragraph D.

TT.    "Settlement Fund" or "Settlement Fund Payment" means fourteen million three hundred thousand dollars ($14,300,000.00) as described in Section IV Paragraph B.

UU.    "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice, and the Claim Form.  It shall also include the functionality to permit claim forms to be submitted online with electronic certifications and signatures.

13

VV.    "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section V.

WW.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

### III.    PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.    Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes, of the following Settlement Class:

> All persons who, at any time from October 1, 2011 to October 5, 2017, (1) incurred court-imposed financial obligations arising from a traffic or misdemeanor case in Rutherford County General Sessions or Circuit Court; and (2) were supervised on probation in that case by PCC or Rutherford County's Probation Department.

B.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entering of an order preliminarily certifying the Settlement Class, appointing Cindy Rodriguez, Steven Gibbs, Paula Pullum, Yolanda Carney, Jacqueline Brinkley, Curtis Johnson, and Fred Robinson as representatives of the Settlement Class and appointing the following as Class Counsel for the Settlement Class:

> Alec Karakatsanis
> Elizabeth Rossi
> Civil Rights Corps
> 910 17th Street NW, Suite 500
> Washington, DC 20006
> Telephone:  (202) 599-0953
>
> Kyle F. Mothershead
> Law Office of Kyle Mothershead
> 414 Union Street, Suite 900
> Nashville, TN 37219
> Telephone:  (615) 982-8002
> Facsimile:  (615) 229-6387

14

C.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order appointing Dahl Administration LLC as the Settlement Administrator.

D.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that the Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

E.      Rutherford County and the PCC Defendants do not agree to the certification of the Settlement Class or to the appointment or adequacy of the Named Plaintiffs or Class Counsel for any purpose other than to effectuate the Settlement and the Settlement Agreement.

F.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, this Settlement Agreement or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.     BENEFITS TO THE PARTIES AND CLASS

A.      **Payment By PCC To Rutherford County.**  PCC shall pay three hundred fifty-thousand dollars ($350,000.00) to Rutherford County (the "Rutherford County Consideration") to settle all potential claims between these two parties.  The Rutherford County Consideration shall be the sole and exclusive payment to Rutherford County or Rutherford County's Counsel in connection with this Settlement Agreement, the Litigation, and the Released Claims.

15

B. **Settlement Fund.** Pursuant to the terms and conditions set forth below, PCC agrees to pay a total sum of fourteen million dollars ($14,000,000.00) to the Settlement Fund, and Rutherford County agrees to transfer to the Settlement Fund as soon as practicable after Rutherford County receives the Rutherford County Consideration, a sum of three hundred thousand dollars ($300,000.00) (the "Rutherford County Payment"). These two payments totaling fourteen million three hundred thousand dollars ($14,300,000.00) shall be referred to as the "Settlement Fund Payment." The Settlement Fund Payment shall be the sole and exclusive payment to the Named Plaintiffs, the Settlement Class Members, Class Counsel, and/or Other Former Plaintiffs' Counsel, including for Notice and Administrative Costs, in connection with this Settlement Agreement, the Litigation, and the Released Claims or attorneys' fees or costs of any kind. In no event shall the PCC Released Persons be obligated to contribute or pay any monies in excess of fourteen million three hundred fifty-thousand dollars ($14,350,000.00) in the aggregate relating to this Settlement Agreement, the Litigation, or the Released Claims, or attorneys' fees or costs of any kind. In no event shall the Rutherford County Released Persons be obligated to contribute or pay any monies in excess of three hundred thousand dollars ($300,000.00) in the aggregate relating to this Settlement Agreement, the Litigation, the Released Claims, or attorneys' fees or costs of any kind.

(i)     The Settlement Fund Payment will be used to pay in full satisfaction of all Settlement costs including, without limitation, Cash Awards, Notice and Administration Costs, Attorneys' Fees Awards, and Incentive Awards.

(ii)     "Net Settlement Fund" means the Settlement Fund Payment, less the amounts paid in Attorneys' Fees Awards, Incentive Awards, and Notice and Administration Costs.

16

C.     **Timing Of Payment Obligations.**  PCC and Rutherford County shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, the payment obligations of PCC and Rutherford County are as follows:

(i)     After entry of the Preliminary Approval Order, PCC shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.  Both the PCC Defendants' Counsel and Class Counsel shall approve the amount of Notice and Administration Costs paid to the Settlement Administrator and shall not unreasonably withhold their consent.

(ii)     Within seven (7) Days after the Effective Date, PCC will wire transfer the Rutherford County Consideration to Rutherford County.  As soon as is practicable after receipt of the Rutherford County Consideration, but in no event more than five (5) Days after receipt, Rutherford County shall wire transfer the entire Rutherford County Payment into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.

(iii)     Within fourteen (14) Days after the Effective Date, PCC will wire transfer the balance of the Settlement Fund Payment into the Settlement Account, less (1) any amounts previously advanced by PCC for Notice and Administration Costs and (2) the Rutherford County Payment.

(iv)     Any interest that accrues on the Settlement Fund in the Settlement Account shall be added to the Settlement Fund.

(v)     Any future payments for Notice and Administration Costs will be deduced from the Settlement Account.

17

D.    **Cash Awards.**  Settlement Class Members who were on supervised probation with PCC or supervised probation with Rutherford County's Probation Department and submit Valid Claims shall be entitled to receive Cash Awards as follows:

(i)    Each Settlement Class Member whose probation with PCC ended prior to October 1, 2014, will be entitled to receive a Cash Award equal to one hundred twenty-five percent (125%) of the amount that he or she actually paid to PCC for PCC Fees beginning October 1, 2011, except that if any such Settlement Class Member paid PCC Fees to PCC prior to October 1, 2011 for an offense for which he or she continued to pay PCC Fees to PCC on or after October 1, 2011, the Cash Award will also include one hundred twenty-five percent (125%) of the amount that he or she actually paid to PCC for PCC Fees for such offenses before October 1, 2011;

(ii)    Each Settlement Class Member who was on probation with PCC on or after October 1, 2014, will be entitled to receive a Cash Award equal to fifty dollars ($50) for each month that he or she was on supervised probation with PCC after October 1, 2014, plus one hundred twenty-five percent (125%) of the amount that he or she actually paid to PCC for PCC Fees except that if any such Settlement Class Member paid PCC Fees to PCC prior to October 1, 2011 for an offense for which he or she continued to pay PCC Fees to PCC on or after October 1, 2011, the Cash Award will also include one hundred twenty-five percent (125%) of the amount that he or she actually paid to PCC for PCC Fees for such offenses before October 1, 2011; and

(iii)    Each Settlement Class Member who was on probation with Rutherford County's Probation Department in or after March 2016 and (a) was on supervised probation for the sole purpose of paying court-imposed financial obligations or (b) would have been removed from supervised probation but for the payment of a court-imposed financial obligation, will be

18

entitled to receive a Cash Award equal to fifty dollars ($50) for each month that he or she was on supervised probation with Rutherford County's Probation Department in or after March 2016 through the Preliminary Approval Order, plus one hundred twenty-five percent (125%) of the amount that he or she actually paid to Rutherford County's Probation Department for probation fees from March 2016 through the Preliminary Approval Order. In determining the Cash Award under this section, the qualifications in subsections (a) and (b) shall be applied to each month during the period from March 2016 through the Preliminary Approval Order and to the probation fees paid to Rutherford County's Probation Department.

   E. **<u>Distribution Of Cash Awards.</u>** No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims in accordance with the process identified in Section V, Paragraphs B and C, the Settlement Administrator will provide Class Counsel, PCC Defendants' Counsel, and Rutherford County's Counsel with a report identifying the total of the Cash Awards and the amount of money in the Net Settlement Fund available to pay such Cash Awards ("Available Cash Award Total").

    (i) If the Available Cash Award Total exceeds the Cash Awards:

     a. First, the payment to each Settlement Class Member who submits a Valid Claim under Paragraph D shall be increased *pro rata* up to a maximum of five times of the total amount he or she would otherwise be entitled to under Paragraph D above (for example, if the person were to receive one hundred dollars ($100) prior to any increase under this subsection, then the person shall be entitled to receive a maximum of five hundred dollars ($500)).

     b. If, after the increase identified in Paragraph E(i)(a) above is made, the Available Cash Award Total still exceeds the Cash Awards, then any

19

Additional Attorneys' Fees Award (as defined below) will be paid to the extent approved by the Court;

     c.  If thereafter any additional funds remain in the Settlement Account, they shall be donated to the No Exceptions Prison Collective of the Harriet Tubman House in Nashville, Tennessee.

     (ii)  If, however, the Cash Awards exceed the Available Cash Award Total, the Cash Awards to the Settlement Class Members who have submitted Valid Claims will be reduced on a *pro rata* basis until the Cash Awards equal the Available Cash Award Total.

     (iii)  Except as otherwise provided herein, all payments to eligible Settlement Class Members who submit Valid Claims will be made within one hundred twenty (120) Days after the Effective Date.

    F.  **Injunction.** As part of the Settlement, Rutherford County and Plaintiffs will agree to request that the Court enter the injunction set forth in Exhibit C hereto.

## V. <u>CLAIMS PROCESS</u>

    A.  <u>**Notice And Submission Of Claims.**</u> The Class Notice shall provide information regarding the filing of Claim Forms. Claim Forms shall be available from Class Counsel, the Settlement Administrator, on the Settlement Website, and in the Rutherford County Courthouse and Rutherford County Probation Office. To file a Valid Claim, each eligible Settlement Class Member must: (i) complete a Claim Form, providing materially all of the information and documentation required by the Settlement Agreement and the Claim Form; (ii) sign the Claim Form and state under penalty of perjury that he or she believes that he or she is a member of the Settlement Class and that the information submitted is true and correct; and (iii) return the completed and signed Claim Form to the Settlement Administrator no later than one hundred

twenty (120) Days after the Preliminary Approval Date, *i.e.*, the Claim Deadline. Only eligible Settlement Class Members who submit Valid Claims shall be entitled to a Cash Award.

B.    **Determination Of Validity.** The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)    Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked or submitted electronically later than the Claim Deadline, may be rejected. The Parties and Settlement Administrator will provide Settlement Class Members with a reasonable opportunity to correct technical non-compliance with the instructions on the Claim Form or the terms of this Settlement Agreement prior to rejecting the Claim Form.

(ii)    Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to PCC Defendants' Counsel, Class Counsel, and Rutherford County's Counsel. If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of PCC Defendants' Counsel and Rutherford County's Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim. Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim. The Settlement Administrator, after considering the positions of the Parties, will make the final decision in its sole discretion, subject to review of the Court for reasonableness upon request of any Party.

C.    **Fraudulent Filings.** At any time during the claims process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify Class Counsel, PCC Defendants' Counsel, and Rutherford County's Counsel of that fact and the basis for its suspicion. Class Counsel, PCC Defendants' Counsel, and

Rutherford County's Counsel shall endeavor to reach an agreed-upon appropriate solution to any suspected fraud and, if necessary, either PCC or Rutherford County may suspend the claims process, and the Parties will promptly seek assistance from the Court.

## VI. ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

A.  **Attorneys' Fee Awards.**  The parties agree not to dispute that Named Plaintiffs' current and former attorneys are entitled to reasonable fees and expenses subject to approval of the Court and to be paid from the Settlement Fund.  Class Counsel and Other Former Plaintiffs' Counsel, which have previously represented Named Plaintiffs in the Litigation but no longer represent them, will apply to the Court for awards of attorneys' fees and expenses (including their court costs) to be paid exclusively from the Settlement Fund.  The parties agree not to oppose that Class Counsel and Other Former Plaintiffs' Counsel shall be awarded, subject to the approval of the Court, their expenses incurred to date and reasonable attorneys' fees to be paid exclusively from the Settlement Fund.  The process for petitioning the Court for awards of attorneys' fees and expenses shall be as follows:

(i)  The parties contemplate a two-step process.  In the initial stage, the Class Counsel and Other Former Plaintiffs' Counsel may petition the Court for the award of (i) expenses and costs incurred and (ii) reasonable attorneys' fees not to exceed the following amounts:

| | | |
|---|---|---|
| a. | Civil Rights Corps: | $336,200 |
| b. | EJUL: | $830,800 |
| c. | BDBC: | $190,000 |
| d. | Kyle Mothershead: | $24,115 |

The hours and reasonable hourly rates on which this agreement to maximum initial Attorneys' Fee Awards is based are set forth in Exhibit E.

(ii)    <u>Attorneys' Fee Award.</u>  Each counsel seeking an initial Attorneys' Fee Award shall file a motion with the Court requesting such an award and justifying why such award is reasonable.  The parties seeking reimbursement agree that, for purposes of calculating the initial Attorneys' Fee Award, the hourly rates identified in Exhibit E will not be considered unreasonable.  Class Counsel and Other Former Plaintiffs' Counsel shall not petition for an initial Attorneys' Fee Award of more fees than listed above.  Rutherford County and the PCC Defendants agree not to oppose any motion for an initial Attorneys' Fee Award by any Class Counsel and Other Former Plaintiffs' Counsel that does not exceed the fee amounts referenced above.  Class Counsel and Other Former Plaintiffs' Counsel seeking an initial Attorneys' Fee Award may represent to the Court that all parties seeking an initial Attorneys' Fee Award agree that such award is reasonable under the circumstances, including the hours and rates used to justify such reasonableness, and that no party or counsel will oppose any motion seeking an initial Attorneys' Fee Award that does not exceed the fee amounts referenced above.  Civil Rights Corps will provide such assistance to EJUL as reasonably requested to prepare and file EJUL's petition, including providing affidavits regarding the work performed by Civil Rights Corps attorneys while employed by EJUL and the reasonableness of the hourly rate for that work.  Awards and any expenses incurred by Class Counsel and Other Former Plaintiffs' Counsel which are approved by the Court shall be paid exclusively from the Settlement Fund as part of the administration of the Class claims.  Petitions for initial Attorneys' Fee Awards shall be filed no later than twenty-eight (28) Days after the Preliminary Approval Order.  The sole method for Class Counsel and Other Former Plaintiff's Counsel to obtain attorneys' fees or costs in this matter shall be through a petition to the Court in accordance with the terms of this Settlement Agreement, and any failure to do so will waive Class Counsel's and Other Former

23

Plaintiff's Counsel's ability to obtain fees. If any Other Former Plaintiff's Counsel that has not signed this Settlement Agreement seeks attorneys' fees or costs in the Litigation, any Attorneys' Fee Award provided to them shall in no way increase the Settlement Fund Payment and instead shall be taken exclusively from the Settlement Fund should funds remain.

(iii)    Additional Attorneys' Fees Award. If funds remain in the Settlement Fund after the full administration of the claims process, including eligible Settlement Class Members' Cash Awards, Class Counsel and/or Other Former Plaintiffs' Counsel may petition the Court for an attorneys' fee award and/or expenses in addition to the initial Attorneys' Fee Award ("Additional Attorneys' Fee Award"). Such petitions during this second stage may be based on any grounds pursuant to which fees and/or expenses may be awarded in class action litigation. Unlike the petitions for initial Attorneys' Fee Awards, any party, including Class Counsel, may object to petitions for Additional Attorneys' Fee Awards. Once any petitions for such Additional Attorneys' Fee Awards have been adjudicated, all funds remaining in the Settlement Fund will be awarded to the *cy pres*, the No Exceptions Prison Collective of the Harriet Tubman House. Petitions for any Additional Attorneys' Fee Award in this second stage shall be filed no later than twenty-eight (28) Days following notification to the Court that the claims administration process regarding the Cash Awards has been completed.

(iv)    The Settlement Administrator shall timely post all applications for an award of attorneys' fees and costs to the Settlement Website to provide notice to the Settlement Class.

(v)    Rutherford County and the PCC Defendants have no financial obligation other than to fund the Settlement Fund as specified in the Settlement Agreement. Once Rutherford County and the PCC Defendants have fully funded the Settlement Fund as described

above in Section IV Paragraph B, their obligations to Class Counsel and the Other Former

Plaintiffs' Counsel shall be fully satisfied and discharged, and Class Counsel and Other Former

Plaintiffs' Counsel shall have no further or other claim against any of the PCC Released Persons

or the Rutherford County Released Persons, including but not limited to a claim for enforcement

of any attorneys' lien. Class Counsel and Other Former Plaintiffs' Counsel will agree to release

any and all claims against the PCC Released Persons and the Rutherford County Released

Persons relating to this litigation.

        (vi)    Any order or proceedings relating to the applications for attorneys' fees

and expenses, or any appeal from any order relating thereto or reversal or modification thereof,

will not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final

Order and Judgment approving the Settlement Agreement and the Settlement.

    B.    **Incentive Awards.**  The Named Plaintiffs will apply collectively to the Court for

Incentive Awards of ten thousand dollars ($10,000.00) per Named Plaintiff to be paid from the

Settlement Fund, subject to Court approval. All Parties agree not to dispute that such incentive

awards are reasonable and appropriate under the circumstances.

    C.    **Payment Of Attorneys' Fee Awards And Incentive Awards.**  The Attorneys'

Fee Award and any Incentive Award awarded by the Court will be paid by the Settlement

Administrator from the Settlement Fund within twenty-one (21) Days after the Effective Date.

    D.    **Attorneys' Fee Awards And Incentive Awards.**  Any order or proceedings

relating to the applications for any Attorneys' Fee Awards, Additional Attorneys' Fee Award,

and/or Incentive Awards, or any appeal from any order relating thereto or reversal or

modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay

25

the finality of the Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.    <u>SETTLEMENT NOTICE, OBJECTIONS, AND OPT-OUT RIGHTS</u>

A.     The Settlement Administrator will work under the direction of Class Counsel, PCC Defendants' Counsel, and Rutherford County's Counsel.

B.     The Parties will seek a determination from the Court regarding the best practicable notice procedure ("Settlement Class Notice Program") as described in the Motion for Preliminary Approval and in the exhibits thereto.

C.     Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel, PCC Defendants' Counsel, and Rutherford County's Counsel:  (i) the name, address, and telephone number of the Person objecting and, if represented by counsel, of his/her counsel; (ii) a signed declaration under penalty of perjury stating that he or she is a member of the Settlement Class; (iii) a statement of all objections to the Settlement and the legal and factual bases for such objections; and (iv) a statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Unless otherwise ordered by the Court, any Settlement Class Member who fails to file and serve timely a written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice, shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

D.     A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-

marked or submitted electronically no later than the Opt-Out and Objection Date. The request

for exclusion must be personally signed by the member of the Settlement Class requesting

exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement

Class and contain a statement under penalty of perjury that he or she is otherwise a member of

the Settlement Class. A member of the Settlement Class may opt out on an individual basis only.

So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or

"class" of class members or multiple class members where no personal statement has been

signed by each and every individual class member, shall not be allowed.

      E. Except for those members of the Settlement Class who timely and properly file a

request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class

Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be

bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

      F. Any member of the Settlement Class who properly opts out of the Settlement

Class shall not: (i) be bound by any orders or judgments entered in the Litigation or relating to

the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement;

(iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any

aspect of the Settlement.

      G. The Settlement Administrator shall provide Class Counsel, PCC Defendants'

Counsel, and Rutherford County's Counsel with the Opt-Out List within seven (7) Days after the

Opt-Out and Objection Date.

## VIII.    SETTLEMENT APPROVAL PROCESS

      The Court preliminarily certified the Settlement Class on October 5, 2017. (Dkt. 191.)

After execution of this Settlement Agreement, the Parties shall promptly move the Court to enter the Preliminary Approval Order that is without material alteration from Exhibit D hereto, which:

A.      Preliminarily approves this Settlement Agreement;

B.      Finds that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class;

C.      Schedules a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court, such Fairness Hearing to take place not less than one hundred eighty (180) Days after the Preliminary Approval Date;

D.      Appoints the Settlement Administrator in accordance with Section III Paragraph C of this Settlement Agreement;

E.      Approves the Class Notice, the content of which is without material alteration from Exhibit B to this Settlement Agreement, and directs the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program;

F.      Finds that the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law;

G.      Requires the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing;

H. Approves the Claim Form, the content of which is without material alteration from Exhibit A to this Settlement Agreement, and sets a Claim Deadline;

I. Approves the creation of the Settlement Website in accordance with the terms of this Settlement Agreement;

J. Requires any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked or submitted electronically no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice;

K. Orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release;

L. Requires any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel, PCC Defendants' Counsel, and Rutherford County's Counsel no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information, provided however that nothing in this Paragraph shall restrict the Court's discretion to allow a Settlement Class Member who does not become an Opt-Out to appear at the Fairness Hearing:

(i) The objector's full name, address, and telephone number;

(ii) A signed declaration that he or she is a member of the Settlement Class;

29

(iii)     A written statement of all grounds for the objection;

(iv)     A statement of whether the objector intends to appear at the Fairness
Hearing; and

(v)     If the objector intends to appear at the Fairness Hearing through counsel,
the objection must also identify the attorney representing the objector who will appear at the
Fairness Hearing;

M.     Specifies that any response to an objection shall be filed with the Court no later
than seven (7) Days prior to the Fairness Hearing;

N.     Specifies that any Settlement Class Member who does not file a timely written
objection to the Settlement or who fails to otherwise comply with the requirements of Section
VII Paragraph C of this Settlement Agreement shall be foreclosed from seeking any adjudication
or review of this Settlement by appeal or otherwise;

O.     Requires any attorney hired by a Settlement Class Member for the purpose of
objecting to the proposed Settlement, the applications for Attorneys' Fee Awards or Incentive
Awards, and who intends to make an appearance at the Fairness Hearing to provide to the
Settlement Administrator (who shall forward it to Class Counsel, PCC Defendants' Counsel, and
Rutherford County's Counsel) and to file with the Clerk of the Court a notice of intention to
appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct;

P.     Requires that any Settlement Class Member who files and serves a written
objection and who intends to make an appearance at the Fairness Hearing shall so state in their
objection papers or as the Court otherwise may direct;

Q.     Directs the Settlement Administrator to establish a post office box in the name of
the Settlement Administrator to be used for receiving requests for exclusion and any other

communications, and providing that only the Settlement Administrator, Class Counsel, PCC Defendants' Counsel, Rutherford County's Counsel, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement;

R.      Directs that Class Counsel and Other Former Plaintiffs' Counsel shall file any applications for Attorneys' Fee Awards and/or Named Plaintiffs' Incentive Awards in accordance with the terms set forth in Section VI Paragraphs A and B of this Settlement Agreement;

S.      Orders the Settlement Administrator to provide the Opt-Out List to Class Counsel, PCC Defendants' Counsel, and Rutherford County's Counsel no later than seven (7) Days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct;

T.      Preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from:  (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims

31

and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by the PCC Released Persons, the Rutherford County Released Persons, and/or Class Counsel as a result of the violation. This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a local, state or federal agency; and

U. Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## IX. FINAL ORDER AND JUDGMENT AND RELEASES

A. **Final Order.** If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i) Finds that the Court has personal jurisdiction over the Named Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii) Certifies a Settlement Class solely for purposes of this Settlement;

(iii) Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements

32

of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Named Plaintiffs and all Settlement Class Members, as well as their respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors;

(v)     Finds that the Settlement Class Notice Program:  (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to seek monetary and other relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) met all requirements of due process and any other applicable law;

(vi)     Approves the Claim Form that was distributed to the Settlement Class, the content of which was without material alteration from Exhibit A to this Settlement Agreement;

(vii)     Approves the Class Notice that was distributed to the Settlement Class, the content of which is without material alteration from Exhibit B to this Settlement Agreement;

(viii)     Finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(ix)     Dismisses the Litigation against the PCC Defendants and Rutherford County now pending before the Court on the merits and with prejudice and without fees or costs, in accordance with the terms of the Final Order and Judgment;

(x)      Adjudges that the Named Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against the PCC Released Persons and the Rutherford County Released Persons;

(xi)     Approves payment of any Attorneys' Fee Awards and Named Plaintiffs' Incentive Awards;

(xii)    Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, the PCC Defendants, Rutherford County, the Named Plaintiffs, and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the Settlement Agreement, and Final Order and Judgment and for any other necessary purposes;

(xiii)   Provides that upon the Effective Date, the Named Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall have released and shall be barred from asserting any and all Released Claims against the PCC Released Persons and/or the Rutherford County Released Persons;

(xiv)    Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability by the PCC Released Persons and/or the Rutherford County Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference

34

may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xv)     Bars and permanently enjoins all Settlement Class Members from: (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (ii) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a local, state, or federal agency;

(xvi)     States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by the PCC Released Persons, Rutherford County Released Persons and/or Class Counsel as a result of the violation;

(xvii)     Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period;

35

(xviii)  Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as:  (i) shall be consistent in all material respects with the Final Order and Judgment; and (ii) do not limit the rights of the Parties or Settlement Class Members; and

(xix)     Issues the Injunction set forth in Exhibit C hereto.

B.     **Release Provisions.**  As of the Effective Date, the Parties hereby agree to following Releases, by operation of entry of the Final Order and Judgment:

(i)     For and in consideration of the Cash Award, any Incentive Award, and other consideration described herein, and except as to the rights and obligations provided for under this Agreement, as of the Effective Date, the Releasing Persons shall and do hereby, finally, fully, and forever release and discharge the PCC Released Persons of and from any and all Released Claims.  This Release shall include the agreement and commitment by the Releasing Persons (including Named Plaintiffs and all Settlement Class Members) to not now or hereafter initiate, maintain, or assert against the PCC Released Persons, or any of them, any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands, or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other sources that have been, could have been, may be, or could be alleged or asserted now or in the future by the Named Plaintiffs or any Settlement Class Members against the PCC Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel, or other adjudicating body arising out of or related to the Released Claims.

36

(ii)　For and in consideration of the Cash Award, any Incentive Award, and other consideration described herein, and except as to the rights and obligations provided for under this Agreement, as of the Effective Date, the Releasing Persons shall and do hereby, finally, fully, and forever release and discharge the Rutherford County Released Persons of and from any and all Released Claims.  This Release shall include the agreement and commitment by the Releasing Persons (including Named Plaintiffs and all Settlement Class Members) to not now or hereafter initiate, maintain, or assert against the Rutherford County Released Persons, or any of them, any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands, or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other sources that have been, could have been, may be, or could be alleged or asserted now or in the future by the Named Plaintiffs or any Settlement Class Members against the Rutherford County Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel, or other adjudicating body arising out of or related to the Released Claims.

(iii)　For and in consideration of the Release and other consideration described herein, and except as to the rights and obligations provided for under this Agreement, as of the Effective Date, the PCC Released Persons shall and do hereby, finally, fully, and forever release and discharge the Rutherford County Released Persons of and from any and all Released Claims.

(iv)　For and in consideration of the Release, the Rutherford County Consideration, and other consideration described herein, and except as to the rights and obligations provided for under this Agreement, as of the Effective Date, the Rutherford County

37

Released Persons shall and do hereby, finally, fully, and forever release and discharge the PCC Released Persons of and from any and all Released Claims.

(v)     For and in consideration of any Attorneys' Fees Award and other consideration described herein, and except as to the rights and obligations provided for under this Agreement, as of the Effective Date, Class Counsel and Other Former Plaintiffs' Counsel shall and do hereby, finally, fully, and forever release and discharge the PCC Released Persons and the Rutherford County Released Persons from any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, that Class Counsel and Other Former Plaintiffs' Counsel may now have, own, or hold, or that Class Counsel and Other Former Plaintiffs' Counsel at any time may have, own, or hold, against the PCC Released Persons and/or the Rutherford County Released Persons, including without limitation claims for attorneys' fees, expenses, or costs. Class Counsel and Other Former Plaintiffs' Counsel agree that any Attorneys' Fees Awards will be their sole remedy for reimbursement for receipt, directly or indirectly, of any fees, expenses, or costs from the PCC Released Persons and the Rutherford County Released Persons.

(vi)    Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(vii)   The Releasing Persons, the PCC Released Persons, and the Rutherford County Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

38

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California, Tennessee, or other law, the Releasing Persons, the PCC Released Persons, and the Rutherford County Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released, and relinquished to the fullest extent permitted by law, and the Releasing Persons, the PCC Released Persons, and the Rutherford County Released Persons hereby agree and acknowledge that this is an essential term of the Releases.  In connection with the Release, the Releasing Persons, the PCC Released Persons, and the Rutherford County Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims are hereby released, relinquished, and discharged.

(viii)    Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## X.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.    Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)    If the Court fails to approve the Settlement Agreement as written in any material respect or if on appeal the Court's approval is reversed or modified;

39

(ii)     If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction by the Court from any applications for Attorneys' Fee Awards, Additional Attorneys' Fee Awards or Incentive Awards shall not be deemed to be a material alteration; or

(iii)    If the Preliminary Approval Order, as described in Section VIII, or the Final Order and Judgment, as described in Section IX, is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

B.       In the event of a withdrawal pursuant to Paragraph A above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

C.       If the number of members of the Settlement Class who properly and timely submit requests for exclusion from the Settlement Class as set forth in Section VII Paragraph D, thereby becoming Opt-Outs, is greater than a number to be submitted to the Court under seal at the time of filing the Motion for Preliminary Approval (the "Opt-Out Threshold"), then PCC may elect in its sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of the Parties' obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to the PCC Defendants' and Rutherford County's position on the issue of class certification; and the PCC Defendants and Rutherford County shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.  In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set

40

forth in this Paragraph, PCC must notify Class Counsel and Rutherford County's Counsel in writing of its election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties. In the event that PCC exercises such right, Class Counsel shall have fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs. If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the Opt-Out Threshold, PCC shall withdraw its election to withdraw from the Settlement and terminate the Settlement Agreement. In no event, however, shall the PCC Defendants have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion. For purposes of this Paragraph, Opt-Outs shall not include (i) Persons who are specifically excluded from the Settlement Class; (ii) Opt-Outs who elect to withdraw their request for exclusion; and (iii) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim, or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

D. In the event of withdrawal by any Party in accordance with the terms set forth in this Section X, the Settlement Agreement (except for the covenants and provisions describing the effect of withdrawal in Section X) shall be null and void, shall have no further force and effect with respect to any Party in the Litigation, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the PCC Defendants, Rutherford County, the Named Plaintiffs, and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of

41

any fact, matter, or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court.

## XI.     EFFECTIVE DATE

A.     The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)     This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)     Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement, and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)     The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)     The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)     The Final Order and Judgment has become Final as defined in Paragraph B below.

B.     "Final," when referring to a judgment or order, means that:  (i) the judgment is a final, appealable judgment; and (ii) either (a) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (b) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of

*certiorari*, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

      C.      If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment, and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the *status quo ante* with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XII.    <u>NOTICES</u>

      A.      All Notices (other than the Class Notice and notice pursuant to the Class Action Fairness Act) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses, including by electronic mail to the following addresses:

      All Notices to Class Counsel shall be sent to Class Counsel, c/o:

         Alec Karakatsanis
         Elizabeth Rossi
         Civil Rights Corps
         910 17th Street NW, Suite 500
         Washington, DC 20006
         Telephone: (202) 599-0953
         alec@civilrightscorps.org
         elizabeth@civilrightscorps.org

         Kyle F. Mothershead
         Law Office of Kyle Mothershead
         414 Union Street, Suite 900
         Nashville, TN 37219
         Telephone:  (615) 982-8002
         Facsimile:  (615) 229-6387
         Kyle@mothersheadlaw.com

All Notices to PCC Defendants' Counsel provided herein shall be sent to the PCC Defendants' Counsel, c/o:

> Manny A. Abascal
> Latham & Watkins LLP
> 355 South Grand Avenue, Suite 100
> Los Angeles, California 90071
> Telephone: (213) 485-1234
> Facsimile: (213) 891-8763
> manny.abascal@lw.com

> Lisa S. Rivera
> Kathryn H. Walker
> Bass, Berry & Sims PLC
> 150 Third Avenue South, Suite 2800
> Nashville, Tennessee 37201
> Telephone: (615) 742-6200
> Facsimile: (615) 742-6293
> LRivera@bassberry.com
> KWalker@bassberry.com

All Notices to Rutherford County's Counsel provided herein shall be sent to the Rutherford County's Counsel, c/o:

> Josh A. McCreary
> Hudson, Reed & McCreary, PLLC
> 16 Public Square North
> Murfeesboro, Tennessee 37130
> Telephone: (615) 893-5522
> jmccreary@mborolaw.com

B.     The notice recipients and addresses designated above may be changed by written notice.

C.     Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

44

## XIII.    <u>MISCELLANEOUS PROVISIONS</u>

A.    **<u>Interpretation</u>.**  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements, or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual.  For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.    **<u>Binding Effect</u>.**  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest, and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C.    **<u>Headings</u>.**  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

D.    **<u>No Rescission On Grounds Of Mistake</u>.**  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that

the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

E. **Amendment.** This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel, except to the extent the amendment or modification would affect the interests of Other Former Plaintiffs' Counsel then it shall require their signature as well. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

F. **Integration Of Exhibits.** The exhibits to this Settlement Agreement are an integral and material part of the Settlement and are hereby incorporated and made a part of the Settlement Agreement.

G. **Jurisdiction.** The United States District Court for the Middle District of Tennessee has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H. **No Admission.** Neither this Settlement Agreement nor any of its provisions, exhibits, related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, and the Final Order and Judgment), negotiation, or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including the PCC Defendants and Rutherford County, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order. The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any

46

other court and regardless of whether the Settlement Agreement is otherwise rendered null and void pursuant to Section X.

      I.      **Governing Law.**  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Tennessee.

      J.      **Counterparts.**  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

      K.      **Media Statements.**  Subject to the Preliminary Approval Order issued by the Court, neither the Named Plaintiffs nor Class Counsel, Other Former Plaintiffs' Counsel, or any other counsel acting on behalf of the Named Plaintiffs or the Settlement Class, or Rutherford County or Rutherford County's Counsel shall issue any public statement or press release, or make any statement to any media or press of any sort, regarding PCC's parents or affiliates.  Any public statements concerning PCC must refer to PCC as "Providence Community Corrections," "Providence," or "PCC"; such statements may not refer to PCC as "Pathways Community Corrections" or "Pathways."  Notwithstanding the foregoing, the Named Plaintiffs, Class Counsel, Other Former Plaintiffs' Counsel, or any other counsel acting on behalf of the Named Plaintiffs or the Settlement Class, or Rutherford County or Rutherford County's Counsel may issue statements regarding PCC's parents or affiliates if PCC Defendants' Counsel have first reviewed and approved in writing such statements in their entirety.  The Parties acknowledge that Rutherford County, and its agents (including Rutherford County Counsel) and officials are subject to sunshine laws and other disclosure agreements.  Nothing in this paragraph is intended to prohibit or hinder Rutherford County and its agents and officials from discharging their public duties in accordance with the law.

L. **Confidentiality.** All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

M. **Return Of Material.** Within thirty (30) Days after the Effective Date, Class Counsel, Other Plaintiffs' Firms, PCC Defendants' Counsel, and Rutherford County's Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation, except that counsel for such Parties may keep a copy of such materials for their files provided that the materials not be used for any purpose other than in connection with this Litigation and/or to effectuate this Settlement and Settlement Agreement.

N. **No Assignment.** Notwithstanding any provision in any engagement letter regarding attorneys' fees and costs, any right to any attorneys' fees and costs is described herein and shall be resolved in accordance with the terms of this Agreement and supersedes prior assignments. Other than any prior assignment of attorneys' fees and costs, which are deemed superseded by this Agreement, each Party represents and warrants that no portion of any claim, right, demand, action, or cause of action that the Party has or may have against another Party arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which any Party may be entitled, has been assigned, transferred, or conveyed by or for the Party in any manner. No Person other than the Named Plaintiffs has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of the Named Plaintiffs.

O. **Stay.** Upon execution of this Settlement Agreement, the Parties shall immediately and jointly stipulate to stay the Litigation in its entirety until the approval of this

48

Settlement Agreement has been finally determined, with the exception of the following: (i) any motions, affidavits, and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement; (ii) any filings related to this Agreement, including applications for Attorneys' Fee Awards, Additional Attorneys' Fee Awards and/or Incentive Awards; and (iii) any filings related to the issuance and enforcement by PCC of existing or future discovery requests against third parties relating to indemnification, insurance coverage, or other matters relating to settlement.

P. **Best Efforts.** The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Settlement Agreement in order to give this Settlement Agreement full force and effect.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Named Plaintiffs:*

Cindy Rodriguez

By: _Cindy Rodriguez by Elkoni_ (with permission)

Steven Gibbs

By: _Steven Gibbs by Elkoni_ (with permission)

Paula Pullum

By: _Paula Pullum by Elkoni_ (with permission)

Yolanda Carney

By: _Yolanda Carney by Elkoni_ (with permission)

Jacqueline Brinkley

By: _Jacqueline Brinkley by Elkoni_ (with permission)

Curtis Johnson

By: _Curtis Johnson by Elkoni_ (with permission)

Fred Robinson

By: _Fred Robinson by Elkoni_ (with permission)

*Class Counsel (or former Class Counsel):*

**CIVIL RIGHTS CORPS**

By: Alec Karakatsanis by Elizabeth Rossi (with permission)
Alec Karakatsanis
910 17th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 681-2721


**LAW OFFICE OF KYLE MOTHERSHEAD**

By:_____
Kyle F. Mothershead
414 Union Street, Suite 900
Nashville, Tennessee 37219
Telephone: (615) 982-8002
Facsimile: (615) 229-6387


**EQUAL JUSTICE UNDER LAW**

By:_____
Phil Telfeyan
400 7th Street NW, Suite 602
Washington, D.C. 20004
Telephone: (202) 670-1004


**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By:_____
Matthew G. White
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, TN 38013
Telephone: (901) 577-8182


51

*Class Counsel (or former Class Counsel):*

**CIVIL RIGHTS CORPS**

By:_____
Alec Karakatsanis
910 17th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 681-2721


**LAW OFFICE OF KYLE MOTHERSHEAD**

By:_____
Kyle F. Mothershead
414 Union Street, Suite 900
Nashville, Tennessee 37219
Telephone: (615) 982-8002
Facsimile: (615) 229-6387


**EQUAL JUSTICE UNDER LAW**

By:_____
Phil Telfeyan
400 7th Street NW, Suite 602
Washington, D.C. 20004
Telephone: (202) 670-1004


**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By:_____
Matthew G. White
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, TN 38013
Telephone: (901) 577-8182

51

*Class Counsel:*

**CIVIL RIGHTS CORPS**

By: _Elizabeth Rossi_

Elizabeth Rossi*
Alec Karakatsanis
910 17th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 681-2721


**LAW OFFICE OF KYLE MOTHERSHEAD**

By: _Kyle Mothershead_ by Elizabeth Rossi (with permission)
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 982-8002
Facsimile: (615) 229-6387

*Admitted solely to practice law in Maryland; not admitted in the District of Columbia. Practice limited pursuant to D.C. App. R. 49(c)(3).

**Defendants:**

Rutherford County, Tennessee

By: *Ernest A Burgess*

Its: *Mayor*

Pathways Community Corrections, Inc.

By:_____

Its: Secretary_____

Jasmine Jackson

By:_____

Briana Woodlee

By:_____

Amanda Roberts

By:_____

Tiarra Smith

By:_____

Nisha Hyde

By:_____

52

*Defendants:*

Rutherford County, Tennessee

By:_____

Its:_____


Pathways Community Corrections, Inc.

By: *Jeff Barker*
    _____

Its: Secretary
    _____

Jasmine Jackson

By:_____

Briana Woodlee

By:_____

Amanda Roberts

By:_____

Tiarra Smith

By:_____

Verified by PDFfiller
10/27/2017

Nisha Hyde

By:_____

52

*Defendants:*

Rutherford County, Tennessee

By:_____

Its:_____


Pathways Community Corrections, Inc.

By:_____

Its: Secretary_____

Jasmine Jackson

By:_____

Briana Woodlee

By:_____

Amanda Roberts

By:_____

Tiarra Smith

By:_____

Nisha Hyde

By:_____

52

*Defendants:*

Rutherford County, Tennessee

By:_____

Its:_____


Pathways Community Corrections, Inc.

By:_____

Its: _Secretary_____

Jasmine Jackson

By:_____

Briana Woodlee

By:_____

Amanda Roberts

By:_____

Tiarra Smith

By:_____

Nisha Hyde

By:_____

52

*Defendants:*

Rutherford County, Tennessee

By:_____

Its:_____


Pathways Community Corrections, Inc.

By: *Jeff Banks*_____

Its: Secretary_____

Jasmine Jackson

By:_____

Briana Woodlee

By:_____

Amanda Roberts

By: *Amanda Roberts*_____

Tiarra Smith

By:_____

Nisha Hyde

By:_____

52

*Defendants:*

Rutherford County, Tennessee

By:_____

Its:_____


Pathways Community Corrections, Inc.

By: *Jeff Barbee* _____

Its: Secretary _____

Jasmine Jackson

By:_____

Briana Woodlee

By:_____

Amanda Roberts

By:_____

Tiarra Smith

By:_____

Nisha Hyde

By:_____

52

*Approved as to form:*

**CIVIL RIGHTS CORPS**

By:_____
Alec Karakatsanis
910 17th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 681-2721

*Class Counsel*

**LATHAM & WATKINS LLP**

By:_____
Manuel A. Abascal
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Counsel for Defendant Providence Community Corrections, Inc. nka Pathways Community Corrections, Inc.*

**BASS, BERRY & SIMS PLC**

By: *K Walker*
~~Lisa S. Rivera~~ *Kathryn Walker w/ permission BFI*
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293

*Counsel for Defendants Providence Community Corrections, Inc. nka Pathways Community Corrections, Inc., Jasmine Jackson, Briana Woodlee, Amanda Roberts, Tiarra Smith, and Nisha Hyde*

53

*Approved as to form:*

**CIVIL RIGHTS CORPS**

By: _____
Alec Karakatsanis
910 17th Street NW, Suite 500
Washington, DC 20006
Telephone: (202) 681-2721

*Class Counsel*

**LATHAM & WATKINS LLP**

By: _____
Manuel A. Abascal
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Counsel for Defendant Providence Community Corrections, Inc. nka Pathways Community Corrections, Inc.*

**BASS, BERRY & SIMS PLC**

By: _____
Lisa S. Rivera
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293

*Counsel for Defendants Providence Community Corrections, Inc. nka Pathways Community Corrections, Inc., Jasmine Jackson, Briana Woodlee, Amanda Roberts, Tiarra Smith, and Nisha Hyde*

53

**HUDSON, REED, & MCCREARY, PLLC**

By: _____
Josh A. McCreary
Hudson, Reed & McCreary, PLLC
16 Public Square North
Murfeesboro, Tennessee 37130
Telephone: (615) 893-5522
jmccreary@mborolaw.com

*Counsel for Defendant Rutherford County*