# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CINDY RODRIGUEZ, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No: 3:15-cv-01048 |
| v. ) | |
| ) | Judge Lawson |
| **PROVIDENCE COMMUNITY ,** ) | |
| **CORRECTIONS, INC., et al.** ) | Magistrate Judge Holmes |
| ) | |
| Defendants. ) | |

## UNOPPOSED MOTION TO CORRECT
## AMENDED FINAL APPROVAL ORDER

Come now Plaintiffs, by and through Counsel, and move this Honorable Court UNOPPOSED to correct the Amended Final Approval Order (ECF 229) to reflect the full text of the parties' agreement for a consent decree issued against Rutherford County.

The Settlement Agreement included a specific agreement for a permanent injunction against Rutherford County, the terms of which were carefully negotiated and essential to the overall settlement. (ECF 192-1, Settlement Agreement, at 20); ECF 192-5, Injunctive Agreement). The Court's initial Final Approval Order approved the Settlement Agreement, including an injunction, but included only part of the agreed consent order. (ECF 228, Final Approval Order, at 3, 21). Counsel for Plaintiffs contacted the Court regarding this issue, and the Court issued an Amended Final Approval Order that includes most of the agreed injunction. (ECF 229, Amended Final Approval Order, at 21 – 26). Unfortunately, the Amended Final Approval Order still lacks some of the essential terms from the injunctive agreement, specifically the sections entitled "Preliminary Recitals" and "General Provisions." (ECF 192-5, Injunctive

1

Agreement, at 1 – 3, 11 – 13) (including provisions regarding providing data and information for ongoing monitoring, training, and applying the terms of the agreement to outstanding warrants).

In light of the foregoing, Plaintiffs respectfully request that the Court amend the Final Approval Order in order to reflect the full injunctive agreement, which is attached again as Exhibit A to this motion.[1]  In lieu of incorporating the full text in the Court's order, the Court could also simply issue a separate order requiring the parties to comply with the terms of the agreement in Doc. 192-5.

Plaintiffs further request that the Court expeditiously implement one of the aforementioned corrections because the payment schedule to the class is tied to the expiration of the appeal deadline from the Final Order.

Counsels for all Defendants are unopposed to this motion.


Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
414 Union Street, Suite 900
Nashville, TN 37219
T: (615) 982-8002 / F: (615) 229-6387
E: kyle@mothersheadlaw.com

---

[1] This is identical to the document which was previously filed as ECF 192-5.

## CERTIFICATE OF SERVICE

I hereby certify that on **August 1, 2018** a copy of the foregoing **Unopposed Motion to Correct Amended Final Approval Order** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

- Attorneys for Pathways Community Corrections, Inc. and the Individual Defendants: Lisa Rivera, Kathryn Walker, and David Esquivel of Bass, Berry, & Sims, PLC.
- Attorneys for Pathways Community Corrections, Inc.: Manny Abascal and Julie Gerchik of Latham & Watkins, LLP.
- Attorneys for Rutherford County: Josh McCreary, Evan Cope, and Blake Garner of Hudson, Reed, & McCreary, PLLC.

*s/ Kyle Mothershead*
Kyle Mothershead